**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| James Money, *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | No. 20-cv-02094 |
| v. ) | |
| ) | Judge John F. Kness |
| Rob Jeffreys, Acting Director, ) | |
| Illinois Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

**ORDER ON INTERVENER'S MOTION FOR EMERGENCY RELIEF**

Before the Court is putative Intervener Romale Bussell's motion [36] for emergency release from incarceration due to the COVID-19 public health emergency. It is unclear upon what legal theory the pro se Intervener bases his motion, but Intervener does cite 18 U.S.C. § 3626 ("Appropriate remedies with respect to prison conditions"). Regardless, the Court assumes that Intervener seeks to advance the same bases for relief that are set forth in the habeas Petition [1] that commenced this case.

Assuming for present purposes that Intervener has a right to intervene in this case, the motion is denied. To begin, the reasoning in Judge Dow's April 10, 2020 opinion [29] denying preliminary injunctive relief applies equally to Intervener's motion and demonstrates that emergency injunctive relief is not appropriate. Moreover, as Respondent notes (Dkt. 43 at 2-3), Intervener has not shown that he is at imminent risk of harm. Although Intervener asserts that he "is vulnerable to contracting the disease while incarcerated" (Dkt. 36 at 1), Intervener does not establish that he is at heightened risk from a COVID-19 infection. Intervener also appears to be around 30 years old, meaning that he does not fall within the higher-risk population of inmates over the age of 65. In any event, the Court is not persuaded that even higher-risk inmates are entitled to release based solely on the general threat of illness from the COVID-19 pandemic.

Finally, the Court notes that, based upon Respondent's representations as well as the Court's own review of the IDOC inmate locator website (visited on October 2, 2020), it appears that Intervener's release on parole is imminent: perhaps even as soon as October 6, 2020. Given this information, the Court does not find that there is an urgent need for judicial intervention. Accordingly, for all of these reasons, Intervener's motion for release is denied.

SO ORDERED.

Date: October 2, 2020

_____
JOHN F. KNESS
United States District Judge